IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES FOR THE USE § | | |
| AND BENEFIT OF ENVIROTECH § | | |
| SERVICES, LLC, *et al.*, § | | |
|     Plaintiffs, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-10-2287 |
| § | | |
| HEALTHY RESOURCES § | | |
| ENTERPRISE, INC., *et al.*, § | | |
|     Defendants. § | | |

## **MEMORANDUM AND ORDER**

    This case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 45] filed by Defendant International Fidelity Insurance Company ("Fidelity"), seeking summary judgment that Plaintiffs United States for the Use and Benefit of Envirotech Services, LLC, and Envirotech Services, LLC (collectively, "Envirotech") may not recover unpaid profits, that Envirotech is not entitled to recover attorneys' fees from Fidelity, and that Envirotech is not an entity entitled to recover under the Miller Act. Envirotech filed a Response [Doc. # 46], stipulating that it is not seeking to recover unpaid profits, but instead seeks only out-of-pocket costs and/or expenses. Fidelity filed a Reply [Doc. # 47]. Having reviewed the limited record and the applicable legal authorities, the Court **grants** the Motion as to profits and **denies** the Motion as to attorneys' fees and Envirotech's status under the Miller Act.

## I. BACKGROUND

Healthy Resources Enterprise, Inc. ("HRE") entered into a contract with the United States Army Engineer District ("USAED") to perform work as a prime or general contractor for the Lake of the Pines Guard Rail Project. HRE entered into a separate contract with the USAED to perform work as a prime or general contractor for the Wright Patman Lake/Screened Shelter Project. HRE obtained a Miller Act payment bond from Fidelity covering each project. Under each payment bond, Fidelity agreed to be bound jointly and severally with HRE to make payment to HRE's subcontractors who provided labor, material, or both in performing work on the relevant project.

HRE and Envirotech entered into an Exclusive Teaming Agreement ("Teaming Agreement") pursuant to which Envirotech served as the construction manager for various projects, including the two at issue here. Envirotech alleges that HRE received payment for the projects, but failed to pay Envirotech. Envirotech seeks to recover from HRE the full amount due, including Envirotech's share of profits. Envirotech seeks to recover from Fidelity on the Miller Act payment bonds for its out-of-pocket costs and expenses incurred in connection with its work on the projects. Additionally, Envirotech seeks to recover its attorneys' fees pursuant to its Teaming Agreement with HRE.

Fidelity has moved for summary judgment that Envirotech is not entitled to recover profits or attorneys' fees from Fidelity and, moreover, does not qualify as an entity covered by the payment bonds. The Motion has been fully briefed and is ripe for decision.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Nat'l Union Fire Ins. Co. v. Puget Plastics Corp.*, 532 F.3d 398, 401 (5th Cir. 2008). If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. *See Hines v. Henson*, 293 F. App'x. 261, 262 (5th Cir. 2008) (citing *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004)). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986)). The Court construes all facts and considers all evidence in the light most favorable to the nonmoving party. *Nat'l Union*, 532 F.3d at 401.

## III.   ANALYSIS

### A.   Unpaid Profits

Envirotech has stipulated that it is not seeking to recover unpaid profits from Fidelity. Consequently, Fidelity is entitled to summary judgment that it has no liability to Envirotech for unpaid profits.

### B.   Attorneys' Fees

Fidelity argues that Envirotech is not entitled to recover attorneys' fees under the payment bonds. Attorneys' fees may be recoverable in a Miller Act case where there is an enforceable contract provision for recovery of fees. *See F.D. Rich Co., Inc. v. U.S. ex rel. Industrial Lumber Co., Inc.*, 417 U.S. 116, 126 (1974); *U.S. ex rel. Varco Pruden Bldgs. v. Reid & Gary Strickland Co.*, 161 F.3d 915, 918-19 (5th Cir. 1998).

The Teaming Agreement between Envirotech and HRE provides for Envirotech to recover attorneys' fees. Envirotech has asserted a breach of contract claim against both HRE and Fidelity. As a result, Fidelity is not entitled to summary judgment that Envirotech may not recover fees under the payment bonds.

### C. Envirotech's Status Under the Miller Act

The Miller Act allows every person who has "furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished" to file suit on the payment bond for non-payment. 40 U.S.C. § 3133(b)(1); *U.S. ex rel. Shannon v. Fed. Ins. Co.*, 2006 WL 2349636, *4 (S.D. Miss. Aug. 11, 2006), *aff'd*, 251 F. App'x 269 (5th Cir. Sept. 4, 2007) (unpublished). Fidelity argues that Envirotech has not furnished "labor or material" and, therefore, is not entitled to recover under the payment bonds in this case.

"The Miller Act 'is highly remedial in nature . . . and is entitled to a liberal construction and application in order to properly effectuate the Congressional intent to protect those whose labor and materials go into public projects.'" *Shannon*, 2006 WL 2349636 at *4 (quoting *MacEvoy Co. v. United States*, 322 U.S. 102, 107 (1944)). The term "labor" is generally construed to require some physical or manual labor. *See U.S. ex rel. Shannon v. Fed. Ins. Co.*, 251 F. App'x 269, 272 (5th Cir. Sept. 4, 2007). "[S]killed professional work which involves actual superintending, supervision, or inspection at the job site" is within the Miller Act's protection. *Shannon*, 2006 WL 2349636 at *4 (citation omitted); *see also U.S. ex rel. Olson v. W.H. Cates Constr. Co., Inc.*, 972 F.2d 987, 990 (8th Cir. 1992); *U.S. ex rel. Constructors, Inc. v. Gulf Ins. Co.*, 313 F. Supp. 2d 593, 597 (E.D. Va. 2004). On-site

supervisory work by a project or construction manager "falls within the purview of the Miller Act if such a superintendent did some physical labor at the job site or might have been called upon to do some on-site manual work in the regular course of his job." *Olson*, 972 F.2d at 990; *Shannon*, 2006 WL 2349636 at *4; *Constructors*, 313 F. Supp. 2d at 597.

In this case, the Teaming Agreement does not clearly define Envirotech's work on the specific projects in this case. Diane Holt, Senior Vice President of Envirotech, testified in deposition that Envirotech served as the Construction Manager that "handled the day-to-day operations of the job" and was tasked with "actually running the job in the fields." *See* Deposition of Diane Holt, Exh. 5 to Motion, pp. 21-22. It is unclear from this record what was involved in "running the job in the fields" and whether Envirotech's management responsibilities included performing manual work if called upon to do so. As a result, summary judgment is not appropriate on this record.

## IV.   **<u>CONCLUSION AND ORDER</u>**

Envirotech has stipulated that it is not seeking to recover profits and, instead, is seeking to recover only out-of-pocket costs and/or expenses. Envirotech's Teaming Agreement with HRE provides for the recovery of attorneys' fees, and Envirotech has asserted a breach of contract claim against both HRE and Fidelity. Fidelity is not

entitled to summary judgment on attorneys' fees.  The evidence in the record raises a genuine issue of material fact regarding whether Envirotech's role as Construction Manager falls within the coverage of the Miller Act.  Accordingly, it is hereby

**ORDERED** that Fidelity's Motion for Summary Judgment [Doc. # 45] is **GRANTED** as to any claim for unpaid profits, and is **DENIED** in all other respects. The case remains scheduled for docket call on **October 8, 2014**.

SIGNED at Houston, Texas, this **29th** day of **August, 2014.**

Nancy F. Atlas
United States District Judge